IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY STARKS, | ) | CASE NO. 3:17-cv-00993 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| WARDEN KIMBERLY CLIPPER, | ) | |
| | ) | |
| Respondent. | ) | **ORDER** |

Pending before the Court is Petitioner's September 5, 2017, Request for 90 Day Extension of Time to File Traverse and Request for Appointment of Counsel ("Motion"). Doc. 7. In his Motion, Petitioner also requests an evidentiary hearing. *Id.* Petitioner seeks the requested relief "due to the complexity of the case at bar." Doc. 7, p. 1. For the reasons set forth herein, Petitioner's Motion is **GRANTED in part** and **DENIED in part**.

I. **Request for appointment of counsel**

It is well established that a habeas corpus proceeding is civil in nature and the Sixth Amendment right to counsel afforded for criminal proceedings does not apply. *See, e.g., Cobas v. Burgess*, 306 F.3d 441, 444 (6th Cir. 2002) (citing *McCleskey v. Zant*, 499 U.S. 467, 495, 111 S.Ct. 1454, 113 L.Ed.2d 517 (1991)); *Douglas v. Maxwell*, 357 F.2d 320, 321 (6th Cir. 1966); (there is no Sixth Amendment right to appointed counsel in habeas cases since a habeas corpus proceeding is not a criminal proceeding). The Rules Governing § 2254 Cases ("Habeas Rules") provide situations when a federal habeas court must appoint counsel but do not otherwise set a standard for when the court may appoint counsel. *See, e.g.,* Rule 8 of the Rules Governing

Section 2254 Cases, 28 U.S.C. foll. § 2254 (counsel must be appointed if evidentiary hearing is warranted).

When not required by rule, the appointment of counsel for federal habeas petitioners who, like Petitioner, have filed pursuant to § 2254, is governed by the Criminal Justice Act, 18 U.S.C. § 3006A. *See* 28 U.S.C. § 2254(h). Pursuant to 18 U.S.C. § 3006A, the decision to appoint counsel for a federal habeas petitioner is within the court's discretion, and representation may be provided when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2); *Mira v. Marshall,* 806 F.2d 636, 638 (6th Cir. 1986) ("The decision to appoint counsel for a federal habeas petitioner is within the discretion of the court and is required only where the interests of justice or due process so require."). "Appointment of counsel is only justified in 'exceptional circumstances,' and is unnecessary where claims are 'relatively straightforward' and arise under settled law." *U.S. v. Pullen*, 2012 WL 116035, * 1 (N.D. Ohio Jan. 13, 2012) (denying motion for appointment of counsel in habeas proceeding filed pursuant to 28 U.S.C. § 2255) (citing *Gilbert v. Barnhart*, 2009 WL 4018271, *1 (E.D. Mich. Nov. 19, 2009) (§ 2254 proceeding) and *Bookstore v. Addison*, 2002 WL 31538688, at *2 (10th Cir. Nov. 6, 2002) (§ 2254 proceeding)).

Petitioner raises relatively straightforward grounds for relief[1] and he has not shown that exceptional circumstances exist warranting the appointment of counsel. Accordingly, his request for appointment of counsel is **DENIED**.

**II.     Request for evidentiary hearing**

In *Cullen v. Pinholster,* the United States Supreme Court held that "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on

---

[1] In Ground One, Petitioner asserts that his convictions were not supported by sufficient evidence and were against the manifest weight of the evidence. Doc. 1, p. 4. In Ground Two, Petitioner asserts that trial counsel rendered ineffective assistance of counsel. Doc. 1, p. 5.

the merits."[2] 563 U.S. 170, 182 (2011). "Provisions like §§ 2254(d)(1) and (e)(2) ensure that federal courts sitting in habeas are not an alternative forum for trying facts and issues which a prisoner made insufficient effort to pursue in state proceedings." *Id.* at 186 (internal citations and quotations omitted).

Petitioner has not shown that the state court did not adjudicate his claims on the merits nor has he provided any basis for expansion of the record or an evidentiary hearing. Accordingly, Petitioner's request for an evidentiary hearing is **DENIED**.

### III.   Request for extension of time to file Traverse

Petitioner's request for a 90 day extension of time to file Traverse is **GRANTED**. Petitioner's Traverse was originally due on September 4, 2017. *See* Doc. 3. Petitioner's Traverse is due on or before December 4, 2017.

Dated: September 27, 2017

Kathleen B. Burke
United States Magistrate Judge

---

[2] "Section 2254(e)(2), [which] imposes a limitation on the discretion of federal habeas courts to take new evidence in an evidentiary hearing[,] . . . continues to have force where § 2254(d)(1) does not bar federal habeas relief." *Pinholster*, 563 U.S. at 185.