IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| TERRY STARKS, | ) | CASE NO. 3:17-cv-00993 |
| | ) | |
| Petitioner, | ) | JUDGE JAMES S. GWIN |
| | ) | |
| v. | ) | MAGISTRATE JUDGE |
| | ) | KATHLEEN B. BURKE |
| WARDEN KIMBERLY CLIPPER, | ) | |
| | ) | |
| Respondent. | ) | **REPORT AND RECOMMENDATION** |

Petitioner Terry Starks ("Petitioner" or "Starks"), acting pro se, filed this habeas corpus action pursuant to 28 U.S.C. § 2254. Doc. 1 ("Petition"). Starks challenges the constitutionality of his conviction and sentence in *State of Ohio v. Starks*, Case No. 15-CR-1201 (Sandusky County). Following a jury trial in February 2016, Starks was found guilty of attempted murder with firearm specification, two counts of felonious assault with firearm specifications, and having weapons while under disability. Doc. 6-1, pp. 7-8. The trial court sentenced Starks to an aggregate prison term of 15 years. Doc. 6-1, pp. 9-11.

This matter has been referred to the undersigned Magistrate Judge for a Report and Recommendation pursuant to Local Rule 72.2. For the reasons set forth below, the undersigned recommends that the Court **DISMISS** and/or **DENY** Starks's Petition (Doc. 1).

1

### I.    Factual Background

In a habeas corpus proceeding instituted by a person in custody pursuant to the judgment of a state court, the state court's factual findings are presumed correct.  The petitioner has the burden of rebutting that presumption by clear and convincing evidence.  28 U.S.C. § 2254(e)(1); *see also Railey v. Webb*, 540 F. 3d 393, 397 (6th Cir. 2008) *cert. denied,* 129 S. Ct. 2878 (2009). The Ohio Court of Appeals summarized the facts underlying Starks's conviction as follows:

> {¶ 2} The incident giving rise to this appeal occurred on November 21, 2015, at the Copper Penny, a bar located in Fremont, Ohio. At 9:30 p.m. on that date, appellant was speaking with another patron at the bar, Steven Davis. Appellant, who was intoxicated at the time, was explaining to Davis his frustration over "females taking some money from him." After Davis encouraged appellant to "stop messing with them," appellant became upset. As the conversation intensified, appellant became increasingly agitated until he eventually pulled out a handgun from his waistband and shot Davis in the chest. Davis was subsequently transferred to the hospital where he eventually recovered.

*State v. Starks*, 2016 WL 5846128, 2016-Ohio-7117 (Ohio App. Sept. 30, 2016); *see also* Doc. 6-1, p. 55, ¶ 2.

### II.    Procedural Background

**A.    State Conviction**

On December 4, 2015, the Sandusky County Grand Jury indicted Starks on four counts – Count 1 (attempted murder in violation of O.R.C. 2923.02 and 2903.02(A), with a firearm specification); Count 2 (felonious assault in violation of O.R.C. 2903.11(A)(1), with a firearm specification); Count 3 (felonious assault in violation of O.R.C. 2903.11(A)(2), with a firearm specification) and Count 4 (having weapons while under disability in violation of O.R.C. 2923.13(A)(2)).  Doc. 6-1, pp. 3-5.  Starks entered a not guilty plea on December 7, 2015.  Doc. 6-1, p. 6.  On February 9, 2016, a jury found Starks guilty of all four counts of the indictment.

Doc. 6-1, pp. 7-8.  On February 10, 2016,[1] the trial court sentenced Starks.  Doc. 6-1, pp. 9-11.  The trial court concluded that Counts 2 and 3 (felonious assault) were allied offenses of similar import to the offense of attempted murder in Count 1.  Doc. 6-1, p. 10.  The prosecution elected to have Starks sentenced under Count 1.  Doc. 6-1, p. 10.  On Count 1, the trial court sentenced Starks to 11 years in prison for the offense of attempted murder and 1 year in prison on the firearm specification.  Doc. 6-1, p. 9.  The trial court also sentenced Starks to 3 years in prison on Count 4 (having weapons while under disability).  Doc. 6-1, p. 10.  The trial court ordered Starks to serve the prison sentence imposed on Count 4 consecutive to the prison sentence on Count 1 for an aggregate prison sentence of 15 years.  Doc. 6-1, p. 10.  On February 12, 2016, the trial court filed a nunc pro tunc entry to correct the statute referred to when discussing Count 2.  Doc. 6-1, p. 13.

**B.     Direct appeal**

On February 12, 2016, Starks, through counsel, filed a Notice of Appeal in the Sixth District Court of Appeals.  Doc. 6-1, pp. 14-19.  On May 12, 2016, appellate counsel filed a Motion for Leave to Withdraw Pursuant to *Anders v. California* (Doc. 6-1, pp. 20-24) and a Merit Brief with Proposed Assignments of Error (Doc. 6-1, pp. 25-52).  The proposed assignments of error were:

1. Appellant's convictions are not supported by sufficient evidence and are against the manifest weight of the evidence.

2. Trial counsel rendered ineffective assistance in violation of appellant's Sixth Amendment right to counsel and pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984).

Doc. 6-1, pp. 37-39.  Starks did not file a pro se brief.  The State of Ohio filed a Notice of Waiver Filing of Brief.  Doc. 6-1, p. 53.  On September 30, 2016, the state court of appeals

---

[1] The sentencing judgment entry was file stamped on February 11, 2016.  Doc. 6-1, pp. 9, 13.

issued its decision. Doc. 6-1, pp. 54-65. In issuing its decision, the state court of appeals, pursuant to *Anders*, examined the record to determine whether any issue of arguable merit was presented for appeal and found none. Doc. 6-1, p. 64. Thus, the state court of appeals granted appellate counsel's motion to withdraw and affirmed the judgment of the trial court. Doc. 6-1, pp. 64.

On October 27, 2016, acting pro se, Starks filed a Notice of Appeal with the Supreme Court of Ohio. Doc. 6-1, pp. 66-67. In his Memorandum in Support of Jurisdiction (Doc. 6-1, pp. 68-92), Starks raised the following propositions of law:

1. Appellant's convictions are not supported by sufficient evidence and are against the manifest weight of the evidence.

2. Trial counsel rendered ineffective assistance in violation of appellant's Sixth Amendment right to counsel pursuant to *Strickland v. Washington*, 466 U.S. 668 (1984).

   USCS Const. Amend. 6:

   > "Rights of the accused. In all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury of the State and district wherein the crime shall have been committed, which district shall have been previously ascertained by law, and to be informed of the nature and cause of the accusation; to be confronted with the witnesses against him; to have compulsory process for obtaining witnesses in his favor, and to have the Assistance of Counsel for his defence (sic)."

Doc. 6-1, p. 74 (parenthetical in original).

On November 3, 2016, the State of Ohio filed a Waiver of Memorandum in Response. Doc. 6-1, p. 93. On March 15, 2017, the Supreme Court of Ohio declined to accept jurisdiction of Starks's appeal. Doc. 6-1, p. 94.

### C. Ohio Appellate Rule 26(B) Application to Reopen Appeal

On January 23, 2017, Starks, acting pro se, filed an Application to Reopen Direct Appeal, arguing that his appellate counsel provided ineffective assistance of counsel. Doc. 6-1, pp. 95-114. In his application, he raised the following assignment of error:

> The trial court erred in denying Defendant's motion in limine to exclude the Defendant's prior convictions. Although it is recognized that a motion in limine is not a final order, Defendant feels that the trial court acted unreasonably in disallowing a stipulation to a prior felony drug conviction rather than a murder conviction. And as such, direct appeal counsel was constitutionally ineffective in her failure to address this substantial constitutional violation on appeal under: (1) abuse of discretion, and (2) ineffective assistance of trial counsel.

Doc. 6-1, p. 98. On March 3, 2017, the state court of appeals denied Starks's application to reopen. Doc. 6-1, pp. 115-119. The state court of appeals concluded that Starks was not deprived of effective assistance of appellate counsel. Doc. 6-1, pp. 117-118. The court of appeals found that Starks's appellate counsel had argued that trial counsel was ineffective for failing to stipulate to Starks's prior convictions and the court of appeals considered the argument on direct appeal, finding that the jury would have found Starks guilty of attempted murder and having weapons while under disability regardless of trial counsel's alleged deficiencies. Doc. 6-1, pp. 117-118. The appellate court also noted that Starks's application to reopen was not timely because it was not filed within 90 days from journalization of the appellate judgment. Doc. 6-1, p. 118, n. 1. Starks did not take an appeal from the March 3, 2017, decision denying his application to reopen.

### D. Federal habeas corpus

On May 10, 2017, Starks, acting *pro se*, filed a federal habeas petition under 28 U.S.C. § 2254, raising two grounds for relief. Doc. 1.

> **Ground One**: APPELLANT'S CONVICTIONS ARE NOT SUPPORTED BY SUFFICIENT EVIDENCE AND ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
>
> **Ground Two**: TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE IN VIOLATION OF APPELLANT'S SIXTH AMENDMENT RIGHT TO COUNSEL.

Doc. 1, pp. 4-5.

On July 21, 2017, the State of Ohio filed a Return of Writ.  Doc. 6.  On October 26, 2017, Starks filed a Traverse.  Doc. 9.  In his Traverse, Starks raises an entirely new ground for relief which is related to his application to reopen his direct appeal that the state court of appeals denied.  The new ground for relief, labeled as Ground One in Starks's Traverse, is as follows:

> Ground(s) for Relief:
>
> GROUND ONE: THE TRIAL COURT ABUSED ITS DISCRETION WHILE ALLOWING IRRELEVANT AND HIGHLY PREJUDICIAL EVIDENCE TO BE ADMITTED INTO THE TRIAL AND SUBMITTED TO THE JURY, IN DIRECT VIOLATION OF FEDERAL RULES OF EVIDENCE 403.  AND AS SUCH, DIRECT APPEAL COUNSEL WAS CONSTITUTIONALLY INEFFECTIVE IN HER FAILURE TO ADDRESS THIS SUBSTANTIAL CONSTITUTIONAL VIOLATION ON APPEAL UNDER: (1) ABUSE OF DISCRETION, AND (2) INEFFECTIVE ASSISTANCE OF TRIAL COUNSEL.  THEREBY, DENYING PETITIONER HIS RIGHTS OF DUE PROCESS AND EQUAL PROTECTION; UNDER THE OHIO AND UNITED STATES CONSTITUTION.

Doc. 9, p. 2.

As indicated above, Starks did not appeal from the state court of appeals' denial of his application to reopen and, therefore, he may have procedurally defaulted this new ground for relief.  The Court need not reach the issue of whether a procedural default occurred because Starks presented this new ground for relief in his Traverse rather than his Petition.  Thus, the claim is not properly before this Court and the Court need not address it.  *See Tyler v. Mitchell*, 416 F.3d 500, 504 (6th Cir. 2005) (an argument first presented in a petitioner's traverse rather than in his petition was not properly before the district and it was not error for the district court

to decline to address the argument); *see also Berlanga v. Winn*, 2017 WL 4863171, * 4 (6th Cir. May 11, 2017) ("A district court may decline . . . to address an issue raised for the first time in a traverse.") (citing *Tyler*, 416 F.3d at 504).

The two grounds for relief that Starks did present in his Petition are discussed more fully below.

### III.  Law and Analysis

**A.    Standard of Review under AEDPA**

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996, Pub.L. No. 104-132, 110 Stat. 1214 ("AEDPA"), apply to petitions filed after the effective date of the AEDPA. *Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007). In particular, the controlling AEDPA provision states:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d). "A decision is 'contrary to' clearly established federal law when 'the state court arrives at a conclusion opposite to that reached by the Supreme Court on a question of law or decides a case differently than the Supreme Court has on a set of materially indistinguishable facts.'" *Otte v. Houk*, 654 F.3d 594, 599 (6th Cir. 2011) (quoting *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000)). "A state court's adjudication only results in an 'unreasonable application' of clearly established federal law when 'the state court identifies the correct governing legal

principle from the Supreme Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.'" *Id*. at 599-600 (quoting *Williams*, 529 U.S. at 413). "The 'unreasonable application' clause requires the state court decision to be more than incorrect or erroneous." *Lockyer v. Andrade*, 538 U.S. 63, 75 (2003). "The state court's application of clearly established law must be objectively unreasonable." *Id.*

In order to obtain federal habeas corpus relief, a petitioner must establish that the state court's decision "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Bobby v. Dixon*, 132 S. Ct. 26, 27 (2011) (quoting *Harrington v. Richter*, 131 S. Ct. 770, 786–87 (2011)). This bar is "difficult to meet" because "habeas corpus is a 'guard against extreme malfunctions in the state criminal justice systems,' not a substitute for ordinary error correction through appeal." *Harrington*, 562 U.S. 86, 102-103 (2011) (quoting *Jackson v. Virginia*, 443 U.S. 307, 332 n.5 (1979) (Stevens, J., concurring in judgment)). In short, "[a] state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Id*. at 101 (quoting *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The petitioner carries the burden of proof. *Cullen v. Pinholster*, 131 S.Ct. 1388, 1398 (2011).

B.  **Grounds for relief**

1.  **Ground One**

**Ground One**: APPELLANT'S CONVICTIONS ARE NOT SUPPORTED BY SUFFICIENT EVIDENCE AND ARE AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.

**Supporting Facts**: Based upon the record, the convictions are against the manifested [sic] weight and sufficiency of the evidence presented at trial.

Doc. 1, p. 4.

8

### a. Manifest weight of the evidence

Starks argues that federal habeas relief is warranted because his convictions were against the manifest weight of the evidence. However, "[a] 'manifest weight of evidence' claim, which is based on a state law concept that 'is both quantitatively and qualitatively different' from a constitutional due process sufficiency of evidence standard, raises an issue of state law only that is not cognizable in a federal habeas corpus proceeding," *Brown v. Moore*, 2008 WL 4239160, \*2, 8-9 (S.D. Ohio 2008) (footnote 2 omitted) (citing and relying on 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41, 104 S.Ct. 871, 79 L.Ed.2d 29 (1984)). Accordingly, the undersigned recommends that the Court **DISMISS** Starks's manifest weight of the evidence claim in Ground One as not cognizable on federal habeas review.

### b. Sufficiency of the evidence

Ground One also contains a claim that Starks's convictions were not supported by sufficient evidence. Unlike a manifest weight of the evidence claim, a sufficiency of the evidence claim is a cognizable claim on federal habeas review. *See In re Winship*, 397 U.S. 358, 364 (1970) ("[T]he Due Process Clause protects the accused against conviction except upon proof beyond a reasonable doubt of every fact necessary to constitute the crime with which he is charged.").

In reviewing a claim that a petitioner's conviction was not supported by sufficient evidence, the relevant inquiry is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (emphasis in original). Under this standard, deference is due the jury's determination. *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009). The standard is not whether the trier of fact made the correct guilt

9

or innocence determination but, rather, whether it made a rational decision to convict or acquit. *Herrera v. Collins*, 506 U.S. 390, 402 (1993). Thus, in making a determination as to sufficiency of evidence, a court does "not reweigh the evidence, re-evaluate the credibility of witnesses, or substitute [its] judgment for that of the jury." *Brown*, 567 F.3d at 205; *see also Matthews v. Abramajtys,* 319 F.3d 780, 788 (6th Cir. 2003). "Circumstantial evidence alone is sufficient to support a conviction, and it is not necessary for the evidence to exclude every reasonable hypothesis except that of guilt." *Johnson v. Coyle*, 200 F.3d 987, 992 (6th Cir. 2000) (internal quotations and citations omitted); *see also Durr v. Mitchell*, 487 F.3d 423, 449 (6th Cir. 2007) ("circumstantial evidence is entitled to equal weight as direct evidence").

On federal habeas review, an additional layer of deference applies. *Coleman v. Johnson*, 566 U.S. 650, 651, 132 S.Ct. 2060, 182 L.Ed.2d 978 (2012) (reaffirming that sufficiency of the evidence claims under *Jackson* "face a high bar in federal habeas proceedings because they are subject to two layers of judicial deference"). Accordingly, even if this Court were to conclude that a rational trier of fact could not have found petitioner guilty beyond a reasonable doubt, the Court "must still defer to the *state appellate court's* sufficiency determination as long as it is not unreasonable." *Brown*, 567 F.3d at 205 (citing 28 U.S.C. § 2254(d)(2)) (emphasis in original)*; see also White v. Steele*, 602 F.3d 707, 710 (6th Cir. 2009).

In his Petition, Starks summarily argues that his convictions were not supported by sufficient evidence. *See* Doc. 1, p. 4 (Supporting Facts: "Based upon the record, the convictions are against the . . . sufficiency of the evidence presented at trial."). He raises no argument in his Traverse in support of this claim.

In rendering its decision affirming Starks's convictions, the state court of appeals addressed the sufficiency claim, stating:

{¶ 11} In counsel's first proposed assignment of error, she argues that appellant's convictions were not supported by sufficient evidence and were against the manifest weight of the evidence. While sufficiency and manifest weight are distinct concepts, we will address them together.

{¶ 12} When evaluating whether the evidence was sufficient to sustain a conviction, we must determine whether the evidence admitted at trial, "if believed, would convince the average mind of the defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." *State v. Jenks,* 61 Ohio St.3d 259, 574 N.E.2d 492 (1991), paragraph two of the syllabus, citing *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.E.2d 560 (1979); *see also State v. Thompkins,* 78 Ohio St.3d 380, 678 N.E.2d 541 (1997). Therefore, "[t]he verdict will not be disturbed unless the appellate court finds that reasonable minds could not reach the conclusion reached by the trier-of-fact." *State v. Dennis,* 79 Ohio St.3d 421, 430, 683 N.E.2d 1096 (1997), citing *Jenks* at paragraph two of the syllabus.

\*\*\*[2]

{¶ 14} The crime of attempted murder is defined in R.C. 2903.02(A) and 2923.02(A). The murder statute, R.C. 2903.02(A), provides, "No person shall purposely cause the death of another." Thus, a person is guilty of attempted murder when he or she "purposely * * * engages in conduct that, if successful, would constitute or result in" the purposeful killing of another. R.C. 2923.02(A). The crime of having weapons while under disability is codified in R.C. 2923.13, which states in relevant part:

> (A) Unless relieved from disability under operation of law or legal process, no person shall knowingly acquire, have, carry, or use any firearm or dangerous ordnance, if any of the following apply:
>
> \* \* \*
>
> (2) The person is under indictment for or has been convicted of any felony offense of violence or has been adjudicated a delinquent child for the commission of an offense that, if committed by an adult, would have been a felony offense of violence.

{¶ 15} Here, appellant's convictions for attempted murder and having weapons while under disability were supported by ample evidence produced at trial. Indeed, a witness to the crime, Gary Davis ("Gary"), was detained by Fremont police and asked to identify the shooter from a photo array. The photo array was administered by Sergeant Justin Powell from the Ohio Highway Patrol, who was acting as a blind

---

[2] Paragraph 13 of the state court of appeals' opinion addresses the standard for reviewing a manifest weight claim. Since that claim is not cognizable on habeas review, that paragraph has been excluded.

administrator with no prior knowledge of the facts of the case. According to Powell's report following the photo array, Gary positively identified appellant as the shooter and indicated that he was "100% confident, no doubt at all." At trial, Gary testified that he witnessed appellant, who was outside the Copper Penny at the time, pull out what appeared to be a handgun during a verbal disagreement with Davis. Shortly thereafter, Gary heard one gunshot, at which point he witnessed Davis begin to fight with appellant. Gary went back inside the bar, but returned after he was alerted to the fact that Davis had been shot and needed medical attention. Gary ultimately transported Davis to the hospital.

{¶ 16} Davis also testified at trial. In his testimony, Davis stated that he had known appellant for "about a year and a half, two years." Concerning the shooting, Davis testified that he saw appellant reach behind his back and pull out a handgun from his waistband. At this point, appellant raised the handgun and shot Davis in his chest. When asked whether he was certain that appellant was the shooter, Davis responded, "yea, he was right there in my face."

{¶ 17} Next, the state called Detective Jason Kiddey to testify regarding his investigation of the case. After appellant's arrest and transfer to the police station, Kiddey conducted an interview, during which he noticed that appellant was suffering from "serious facial injuries." In particular, appellant's right eye was "heavily swollen, like, he had been struck by something or someone." The state then went on to introduce a booking photo of appellant into evidence that depicts appellant's facial injury. Appellant's condition was consistent with Davis's testimony that he had stomped on appellant's face two times prior to being transported to the hospital, resulting in appellant losing consciousness at the scene of the shooting.

{¶ 18} In an effort to rebut the foregoing testimony, appellant called two witnesses. Appellant's first witness, Officer Kevin Armbruster, was the officer who initially responded to Fremont Memorial Hospital prior to Davis's air transfer to Toledo. Upon arrival at the hospital, Armbruster interviewed Davis, who was "sitting up on the bed" at the time. When asked what happened to him earlier in the night, Davis told Armbruster that he was walking on the sidewalk on the east side of Ohio Avenue in Fremont when a white male walked up to him, told him to "give me the money," and shot him. Davis indicated to Armbruster that he had never met the assailant before. Further, Davis stated that the assailant was wearing a black hoodie with the hood up, but not covering his face. On cross-examination, Armbruster acknowledged that several medical personnel were working on Davis and administering medications to try to stabilize him at the time of the interview. At some point during the interview, Davis became comatose from the medication.

{¶ 19} As his second witness, appellant called Byron McMorris to the stand. McMorris is the owner of a barbecue establishment that shares a parking lot with the Copper Penny. In his testimony, McMorris stated that he did not see appellant outside the Copper Penny prior to his departure from the area on the night of the

shooting. When asked about the approximate time of his departure, McMorris noted that he usually closes around 9:00 p.m. and was on site no later than 10:00 p.m.

{¶ 20} At the close of McMorris's testimony, trial counsel indicated that there would be no further defense witnesses. After trial counsel rested, the state recalled Kiddey to the stand as a rebuttal witness. During his rebuttal testimony, Kiddey stated that officers were directed to search the Ohio Avenue area for any items of evidence relevant to the shooting at issue in this case. Kiddey noted that no evidence was discovered in that area, nor were any gunshots reported by residents of the area.

{¶ 21} Viewing the testimony presented at trial in a light most favorable to the prosecution, we find that a reasonable factfinder could conclude that appellant committed the crime of attempted murder by purposefully firing a bullet into Davis's chest from a distance of two to three feet away. That such conduct had the potential to cause Davis's death is beyond doubt. Moreover, the state introduced evidence that appellant had been previously convicted for murder in Illinois. Thus, a factfinder could have reasonably concluded that appellant was carrying, and did in fact use, a firearm while under disability. Therefore, appellant's convictions were supported by sufficient evidence.[1] Furthermore, in light of appellant's failure to present any credible conflicting evidence, we cannot say that this is the exceptional case in which the convictions were against the manifest weight of the evidence.

> [FN 1] We need not address felonious assault counts contained in the indictment because the offenses were merged with the attempted murder offense as allied offenses of similar import.

{¶ 22} Accordingly, appellate counsel's first proposed assignment of error is not well-taken.

*Starks*, 2016 WL 5846128, ** 2-4; *see also* Doc. 6-1, pp. 57-62, ¶¶ 11-22.

In federal habeas corpus proceedings, a state court's factual findings are presumed correct and the petitioner has the burden of rebutting that presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1). Here, Starks's unsupported argument that there was insufficient evidence to support his convictions is insufficient to rebut the state court's factual findings. Further, considering the evidence in the light most favorable to the prosecution, the undersigned finds that a rational trier of fact could have found the essential elements of the crimes Starks was convicted of beyond a reasonable doubt. *Jackson*, 443 U.S. at 319. Moreover, Starks has not argued or shown that it was unreasonable for the state court of appeals

13

to conclude that "a reasonable factfinder could conclude that appellant committed the crime of attempted murder by purposefully firing a bullet into Davis's chest from a distance of two to three feet away" and that "a factfinder could have reasonably concluded that appellant was carrying, and did in fact use, a firearm while under disability." *Starks*, 2016 WL 5846128, * 4; *see also* Doc. 6-1, p. 62, ¶ 21. Thus, federal habeas relief is not warranted based on Starks's sufficiency of the evidence claim.

Based on the foregoing, the undersigned recommends that the Court **DENY** Stark's sufficiency of the evidence claim in Ground One.

**2. Ground Two**

**Ground Two**: TRIAL COUNSEL RENDERED INEFFECTIVE ASSISTANCE IN VIOLATION OF APPELLANT'S SIXTH AMENDMENT RIGHT TO COUNSEL.

**Supporting Facts**: There are two instances in which trial counsel's performance fell below an objective standard of reasonableness. First, appellant takes issue with trial counsel's failure to stipulate to the legal disability element of having weapons while under disability. According to appellant, the failure to stipulate to the disability element "unnecessarily highlighted the murder conviction." Second, appellant takes issue with trial counsel's failure to object to the state's allegdly [sic] wrongful mention of appellant's 1998 conviction for having weapons while under disability. Appellant contends that nothing other than prejudice could result from the jury hearing that appellant had a murder conviction and a conviction for the same offense.

Doc. 1, p. 5.

The Sixth Amendment provides, in pertinent part, "[i]n all criminal prosecutions, the accused shall enjoy the right . . . to have the Assistance of Counsel for his defense." U.S. Const. Amend. VI.

In *Strickland v. Washington*, the Supreme Court set forth two requirements that must be shown in order to establish that an attorney was constitutionally ineffective. *Strickland v. Washington,* 466 U.S. 668, 687 (1984).

First, a petitioner must demonstrate "that counsel's performance was deficient." "This requires showing that counsel made errors so serious that counsel was not functioning as 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* A petitioner must show that counsel's representation fell below an objective standard of reasonableness based on all the circumstances surrounding the case. *Id*. at 688. "Judicial scrutiny of counsel's performance must be highly deferential [because] [i]t is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." *Id.* 689. Thus, in order to conduct a fair assessment of counsel's performance, every effort must be made "to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* In light of "the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Id.*

"Second, the defendant must show that the deficient performance prejudiced the defense." *Id.* at 687. "This requires a showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Id.* "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

15

When a state court reaches the merits of an ineffective-assistance of counsel claim, federal habeas courts provide AEDPA deference to that adjudication under § 2254(d). *Perkins v. McKee*, 411 Fed. Appx. 822, 828 (6th Cir. 2011). In *Harrington*, the Supreme Court emphasized the double layer of deference that federal courts must give state courts in reviewing *Strickland* claims under AEDPA:

> As a condition for obtaining habeas corpus from a federal court, a state prisoner must show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement. . . . An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the *Strickland* standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve. . . . Federal habeas courts must guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d). When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Perkins*, 411 Fed. Appx. at 828 (quoting *Harrington,* 131 S.Ct. 770, 786-788).

In his Petition, Starks sets forth two alleged instances of ineffective assistance of trial counsel and summarily argues that "nothing other than prejudice could result from the jury hearing that appellant had a murder conviction and a conviction for the same offense." Doc. 1, p. 5.

The state court of appeals considered Starks's claims that his trial counsel was ineffective. In doing so, the court stated:

> {¶ 23} In counsel's second proposed assignment of error, she argues that appellant was deprived of the effective assistance of trial counsel. In order to demonstrate ineffective assistance of counsel, appellant must satisfy the two-prong test developed in *Strickland v. Washington,* 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L.Ed.2d 674 (1984). That is, appellant must show that counsel's performance fell below an objective standard of reasonableness, and a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different. *Id.* at 687–688, 694.

16

> {¶ 24} Here, appellate counsel identifies two instances in which trial counsel's performance allegedly fell below an objective standard of reasonableness. First, appellate counsel takes issue with trial counsel's failure to stipulate to the legal disability element of having weapons while under disability. According to appellate counsel, the failure to stipulate to the disability element "unnecessarily highlighted the murder conviction." Second, appellate counsel takes issue with trial counsel's failure to object to the state's allegedly wrongful mention of appellant's 1998 conviction for having weapons while under disability. According to appellate counsel, "[n]othing other than prejudice could result from the jury hearing that appellant had a murder conviction and a conviction for the same offense." However, appellate counsel acknowledges that trial counsel's alleged ineffectiveness did not affect the outcome of the proceedings in this case. We agree.
>
> {¶ 25} Even assuming that trial counsel performed unreasonably in failing to stipulate to the disability element or object to the state's reference to the prior conviction for having weapons while under disability, we are not persuaded that the result of the proceedings would have been different but for such errors. Indeed, the state's evidence, which was largely uncontroverted, clearly demonstrates that appellant was the individual who shot Davis outside the Copper Penny bar on the evening of November 21, 2015. Therefore, the jury would have found appellant guilty of attempted murder and having weapons while under disability regardless of trial counsel's alleged deficiencies. Therefore, we do not find that appellant was deprived the effective assistance of counsel.
>
> {¶ 26} Accordingly, appellate counsel's second proposed assignment of error is not well-taken.

*Starks*, 2016 WL 5846128, * 5; *see also* Doc. 6-1, pp. 62-64, ¶¶ 23-26.

As indicated by the state court of appeals, even if a defendant can satisfy the first prong, in order to demonstrate ineffective assistance of counsel under *Strickland*, a defendant must also satisfy the second prong, i.e., show that "a reasonable probability exists that, but for counsel's error, the result of the proceedings would have been different." *Starks*, 2016 WL 5846128, * 5; *see also* Doc. 6-1, pp. 62-63, ¶ 23 (citing *Strickland*). Considering the evidence, the state court of appeals concluded that "the jury would have found appellant guilty of attempted murder and having weapons while under disability regardless of trial counsel's alleged deficiencies." *Starks*, 2016 WL 5846128, * 5; *see also* Doc. 6-1, pp. 63-64, ¶ 25. In order to be entitled to federal

habeas relief, Starks must demonstrate that the state court of appeals determination that he was not deprived of effective assistance of counsel resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. *See* 28 U.S.C. § 2254(d). Starks has failed to meet this burden.

In his Traverse, Starks presents no argument as to how the state court of appeals' decision is contrary to, or an unreasonable application of *Strickland*. Instead, Starks argues that the state court of appeals' denial of his application to reopen his direct appeal was contrary to *Old Chief v. United States*, 519 U.S. 172 (1997). Doc. 9. p. 3. However, as indicated above, Starks did not appeal from the state court of appeals' denial of his application to reopen and the ground for relief that Starks attempts to raise in his Traverse relating to those proceedings is not properly before this Court. Further, alleged ineffective assistance of counsel under *Strickland* was not the issue before the Supreme Court in *Old Chief*. Rather, the issue was the scope of a trial court's discretion under Rule 403 of the Federal Rules of Evidence to allow evidence of the name and nature of a prior conviction where a defendant has offered to stipulate to a prior conviction. *Old Chief*, 519 U.S. at 172, 180. Further, in reversing and remanding the lower's court's decision for further proceedings, the Supreme Court "impl[ied] no opinion on the possibility of harmless error[.]" *Id.* at 192, n. 11.

Considering the foregoing, the undersigned concludes that the state court of appeals' determination under the Supreme Court standard enunciated in *Strickland* that there was no showing of constitutionally ineffective assistance of counsel was not contrary to, or an unreasonable application of clearly established Federal law, as determined by the Supreme

Court; nor was it based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding. Accordingly, the undersigned recommends that the Court **DENY** Ground Two.

### IV. Recommendation

For the reasons stated herein, the undersigned recommends that the Court **DISMISS** and/or **DENY** Starks's Petition (Doc. 1).[3]

Dated: December 20, 2017

Kathleen B. Burke
United States Magistrate Judge

### **OBJECTIONS**

Any objections to this Report and Recommendation must be filed with the Clerk of Courts within fourteen (14) days after the party objecting has been served with a copy of this Report and Recommendation. Failure to file objections within the specified time may waive the right to appeal the District Court's order. See *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). *See also Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

---

[3] The undersigned recommends that the Court **DISMISS** the manifest weight of the evidence claim in Ground One as not cognizable on federal habeas review; **DENY** the sufficiency of the evidence claim in Ground One; and **DENY** Ground Two.