UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

------------------------------------------------------
:
TERRY STARKS,                              :      CASE NO. 3:17-cv-993
:
          Petitioner,          :
:
   vs.                                     :      OPINION & ORDER
:      [Resolving Doc. 1]
WARDEN KIMBERLY CLIPPER,                   :
:
          Respondent.         :
:
------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On November 21, 2015, Petitioner Terry Starks shot Steven Davis outside of the Copper Penny, a bar in Fremont, Ohio. In February 2016, an Ohio jury convicted Starks of attempted murder with firearm specification, two counts of felonious assault with firearm specifications, and having weapons while under disability.[1] After several rounds of state appellate review, Starks timely filed this 28 U.S.C. § 2254 habeas corpus petition.[2] Magistrate Judge Burke recommends denying his petition.[3] Starks objects.[4]

For the following reasons, the Court **OVERRULES** Petitioner's objections, **ADOPTS** Magistrate Judge Burke's Report and Recommendation, and **DENIES** Starks's petition.

The Federal Magistrates Act requires a district court to conduct a *de novo* review only of those portions of the Report and Recommendation to which the parties have properly objected.[5] A district court may adopt without review parts of the Report and Recommendation to which no party has objected.[6]

---

[1] *See* Doc. 6-1 at Exhibits 2-4.
[2] Doc. 1.
[3] Doc. 10.
[4] Doc. 13.
[5] 28 U.S.C. § 636(b)(1).
[6] *Thomas v. Arn*, 474 U.S. 140, 149 (1985).

Case No. 3:17-cv-685
Gwin, J.

Starks suggests two grounds for habeas corpus relief: a combined manifest weight of the evidence and sufficiency of the evidence challenge,[7] and an ineffective assistance of counsel claim.[8] Magistrate Judge Burke recommends denying both.[9]

Starks's lone objection is to Magistrate Judge Burke's finding of procedural default regarding his ineffective assistance of counsel claim.[10] Starks requests that this Court reverse the finding of default and proceed to the merits of his habeas claims.[11]

But, Magistrate Judge Burke did exactly this. Magistrate Judge Burke addressed the merits of Starks's sufficiency and manifest weight of the evidence claims. Further, even though Starks's ineffective assistance argument about the Supreme Court's decision in *Old Chief* was not properly preserved because he did not raise it in his application to reopen, Magistrate Judge Burke analyzed the merits of that claim. This Court agrees with the magistrate's analysis.

The evidence presented at trial makes plain that Starks's claims regarding the sufficiency of the evidence are meritless.[12] Both the victim and a person who witnessed the shooting and transported the victim to the hospital identified Starks as the shooter. Physical evidence corroborated their testimony.

To succeed on his sufficiency claim Starks would have to prove both that no "rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt"[13] and that the state appellate court's sufficiency determination was unreasonable.[14] Starks cannot satisfy these tests.

---

[7] Doc. 1 at 4.
[8] *Id.* at 5.
[9] Doc. 10 at 1.
[10] *See* Doc. 13-1.
[11] *Id.*
[12] Magistrate Judge Burke correctly found that a manifest weight of the evidence claim is not cognizable on federal habeas review. *See Brown v. Moore*, No. 1:06-CV-413, 2008 WL 4239160, *2, 8-9 (S.D. Ohio 2008) (citing and relying on 28 U.S.C. § 2254(a); *Pulley v. Harris*, 465 U.S. 37, 41 (1984)).
[13] *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).
[14] *Brown v. Konteh*, 567 F.3d 191, 205 (6th Cir. 2009).

Case No. 3:17-cv-685
Gwin, J.

The victim, Steven Davis, testified that he had known Starks for two years.[15] The shooting occurred after an argument between Steven and Starks,[16] and Starks was only a few feet away from Victim Davis when Starks pulled his gun and fired.[17] Davis also testified that he fought Starks after Starks pulled his gun, leaving Starks's face bruised.[18]

Further, Gary Davis, Victim Davis's friend, testified that he saw Starks reach for a gun and then heard a gunshot.[19] Shortly after that, Gary Davis transported Victim Steven Davis to the hospital and gave a statement to police confidently identifying Starks as the shooter.[20]

Physical evidence corroborated these accounts. There was a bloody bullet hole in the shirt Steven Davis wore the night of the shooting.[21] Steven Davis's blood was found outside the Copper Penny, where the government argued the shooting took place.[22] And, Starks's booking photo showed that his face was bruised in a way consistent with Victim Steven Davis's testimony that the two men fought.[23]

The primary exculpatory evidence was that Steven Davis initially told police that an unknown white male shot him during a robbery in a different location.[24] But, Steven Davis said this while he was in the emergency room shortly after being shot.[25] Emergency room staff were working on him while police interviewed him, and the combination of medication and pain caused Steven Davis to pass out during this interview.[26] Police investigated the possibility of a robbery and found nothing to corroborate it.[27] A jury could appropriately discount this information.

---

[15] Trial Transcript (Tr.) at 423:8-9.
[16] *Id.* at 425:10-428:9.
[17] *Id.* at 429:9-13.
[18] *Id.* at 429:16-22; 432:23-433:5.
[19] *Id.* at 383:17-385:21.
[20] *Id.* at 388:7-396:19.
[21] *Id.* at 435:5 (state's exhibit 9).
[22] *Id.* at 237:14-239:5.
[23] *Id.* at 513:25 (state's exhibit 22).
[24] *Id.* at 562:21-564:17.
[25] *Id.*
[26] *Id.* at 564:20-565:10.
[27] *Id.* at 587:2-588:6.

Case No. 3:17-cv-685
Gwin, J.

The testimony of two eyewitnesses and corroborating evidence clearly allowed a rational jury to convict Starks of both attempted murder and possessing a firearm with a disability. Therefore his sufficiency of the evidence claim fails.

Similarly, Starks's ineffective assistance of counsel claim fails because Starks cannot prove that he suffered prejudice, meaning that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."[28]

Starks argues that his trial counsel was ineffective because (1) counsel did not stipulate to the legal disability element of the having a weapon under disability charge, and (2) counsel failed to object to the government's mention of Starks's prior conviction for having weapons under disability.[29]

Even if these mistakes made counsel constitutionally deficient, the evidence against Starks was so strong that there is virtually no chance that counsel's errors changed the outcome of the trial. Given the evidence described above, the Court finds that the Ohio Court of Appeals correctly held that Starks suffered no prejudice from his counsel's allegedly deficient performance.[30]

For the reasons above, this Court **OVERRULES** Petitioner's objections, **ADOPTS** Magistrate Judge Burke's Report and Recommendation, **DISMISSES** Petitioner's manifest weight of the evidence claim, and **DENIES** the remainder of Petitioner's § 2254 petition. The

---

[28] *Strickland v. Washington*, 466 U.S. 668, 694 (1984).
[29] Doc. 1 at 5.
[30] Starks's citation to *Old Chief v. United States* is unavailing both because that case did not deal with the right to effective counsel and because the Supreme Court explicitly allowed for the possibility that failure to exclude details of a past conviction may be harmless error, as it is here. 519 U.S. 172, 180 & 192 n.11 (1997).

Case No. 3:17-cv-685
Gwin, J.

Court certifies that no basis exists upon which to issue a certificate of appealability.[31]

      IT IS SO ORDERED

Dated: March 12, 2018　　　　　　　　　　　　　　　　　*s/　　　James S. Gwin*
　　　　　　　　　　　　　　　　　　　　　　　　　　　JAMES S. GWIN
　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES DISTRICT JUDGE

---

[31] 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).